Canuta Munoz **DUARTE,** Petitioner,

v.

Michael B. **MUKASEY,*** Attorney General, Respondent.

No. 06–75718.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.**

Filed Dec. 10, 2007.

Canuta Munoz Duarte, Anaheim, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Russell J.E. Verby, Esq., U.S. Department of Justice Civil Division, Washington, DC, for Respondent.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM \*\*\*

Canuta Muñoz Duarte, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' denial, as untimely and without merit, of her motion to reopen proceedings in order to apply for protection under the Convention Against Torture following the denial of her application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We deny the petition for review.

Muñoz Duarte contends that her motion to reopen was timely because there is no time limit for motions to reopen that seek relief under CAT and because she only recently became aware of "widespread torture" in Mexico. Muñoz Duarte filed her motion to reopen outside the ninety-day time limit set forth in 8 C.F.R. § 1003.2(c)(2). In addition, she failed to present material evidence of changed country conditions that was not available and could not have been presented at the previous proceeding. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *He v. Gonzales,* 501 F.3d 1128, 1131–32 (9th Cir.2007).

Muñoz Duarte also contends that the Board erred in concluding that she failed to establish a prima facie case of eligibility for relief under CAT. The generalized evidence attached to her motion did not meet this standard. *See Nuru v. Gonzales,* 404 F.3d 1207, 1216 (9th Cir.2005) (holding that CAT applicant must establish that it is more likely than not that he would be tortured if removed to his native country); *Ordonez v. INS,* 345 F.3d 777, 785 (9th Cir.2003) (holding that motion to reopen must establish prima facie case demonstrating reasonable likelihood that requirements for relief have been satisfied).

**PETITION FOR REVIEW DENIED.**

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

